IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

GARY GOBEYN                                                                                              PLAINTIFF

v.                                              No. 1:09CV00034 JLH

THE TRAVELERS INDEMNITY CO.                                                              DEFENDANT

**OPINION AND ORDER**

Gary Gobeyn brought this action pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, alleging that the Travelers Indemnity Company ("Travelers") terminated his employment because of his age, notwithstanding his satisfactory work performance. Travelers filed a motion to dismiss or, in the alternative, to stay proceedings pending arbitration. Plaintiff responded, and Travelers has replied. For the reasons stated below, this Court grants the defendant's motion to stay proceedings and orders the parties to arbitrate this dispute.

Gobeyn began working for Travelers as an at-will employee on or about September 28, 2005. When Gobeyn was hired, he signed a document entitled "Principles of Employment" ("Principles"), which included an arbitration clause. The provision referred Gobeyn to the Travelers Employment Arbitration Policy ("Arbitration Policy") for a detailed description of Travelers' mandatory arbitration procedures. Travelers argues that, in light of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2006), Gobeyn's claim is subject to these arbitration procedures. Gobeyn makes several arguments as to why the arbitration agreement should not be enforced. The Court has considered those arguments and concludes that the agreement is valid and enforceable.

I.

The FAA requires parties to arbitrate disputes when a valid and enforceable arbitration agreement exists. 9 U.S.C. § 2. When a court determines that an arbitration agreement is valid, the

FAA instructs the court to order the parties to arbitrate and to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §§ 3-4. Whether an arbitration agreement is valid and enforceable is a matter of state contract law. *U.S. v. Gov't Technical Servs., LLC*, No. 5:06CV00270, 2007 WL 1411616, at *2 (E.D. Ark. May 9, 2007) (citing *Faber v. Menard*, 367 F.3d 1048, 1052 (8th Cir. 2004)). However, any state-specific law that places an arbitration clause on unequal footing with other contract terms is preempted by the FAA. *Enderlin v. XM Satellite Radio Holdings, Inc.*, No. 4:06CV0032, 2008 WL 830262, at *8 (E.D. Ark. Mar. 25, 2008). Instead, a court may only apply a state's general contract law to determine the validity of an agreement. *Id*. Generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening the FAA. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S. Ct. 1652, 1656, 134 L. Ed. 2d 902 (1996)).

When Arkansas is the forum state and the parties entered into the agreement in Arkansas, Arkansas contract law applies to determine whether an arbitration agreement is valid and enforceable. *Casteel v. Clear Channel Broad., Inc.*, 254 F. Supp. 2d 1081, 1088 (W.D. Ark. 2003); *Tyson Foods, Inc. v. Archer*, 356 Ark. 136, 141, 147 S.W.3d 681, 684 (2004). The essential elements of a contract are: (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations. *Williamson v. Sanofi Winthrop Pharm., Inc.*, 347 Ark. 89, 98, 60 S.W.3d 428, 433 (2001). Gobeyn alleges that the arbitration clause is not enforceable because it was not mutually agreed upon; the parties were not mutually obligated to arbitrate; and, as a result, consideration is lacking. Gobeyn also argues that, to the extent a contract does exist, it is unconscionable.

## II.

Two legal principles are important in determining whether mutual agreement exists: (1) if there is no meeting of the minds, there is no contract; and (2) in order to make a contract, there must be a meeting of the minds as to all terms.  *Casteel*, 254 F. Supp. 2d at 1088 (citing *Williamson*, 347 Ark. at 98, 60 S.W.3d at 434).  While the standard is an objective one, "a manifestation of assent may be made wholly by spoken words or conduct." *Id.*

In this case, Travelers offered employment to Gobeyn with certain terms and conditions, one of which was stated in the arbitration clause.  Gobeyn accepted the offer with its terms and conditions, as indicated by his signing the Principles of Employment on the line below "Understood and agreed."  Although Travelers did not sign the documents, it drafted the Principles of Employment, gave the document to Gobeyn, and asked him to sign it to show that he accepted the terms and conditions of the offer of employment.  In the second paragraph, Travelers included the statement, "you and the Company agree that [] disagreement[s] will be resolved through th[e arbitration] process."  Travelers agreed to the arbitration clause in the Principles of Employment. *See Cuningkin v. City of Benton, Ark.*, No. 4:05CV1130, 2006 WL 3390265, at *4 (E.D. Ark. Nov. 22, 2006) ("There is no general requirement in the law of contracts that a contract or agreement be signed by both parties.") (quoting *ERC Mortgage Group, Inc. v. Luper*, 32 Ark. App. 19, 22, 795 S.W.2d 362, 364 (1990), *overruled in part on other grounds by Mosley Mach. Co. v. Gray Supply Co.*, 310 Ark. 448, 837 S.W.2d 462 (1992)); s*ee also McNamara v. Yellow Transp., Inc.*, 570 F.3d 950, 956-57 (8th Cir. 2009) (holding that an at-will employee agreed to an arbitration program by continuing his employment); *Berkley v. Dillard's, Inc.*, 450 F.3d 775, 777 (8th Cir. 2006) (same).

Gobeyn argues that the arbitration clause lacks mutual agreement because of language in Travelers' at-will employment policy.  According to the policy, "[n]o documents . . . create express or implied contracts of employment for definite periods, or express or implied contracts concerning terms or conditions of employment."  The arbitration clause in the Principles of Employment describes adherence to Travelers' arbitration policies as a "condition of employment." As a result of this apparent contradiction, Gobeyn argues that Travelers could not agree to the arbitration clause because such an agreement would constitute a contract concerning a condition of employment. Alternatively, Gobeyn argues that even if Travelers assented to the arbitration clause at the time Gobeyn signed it, by its at-will employment policy, Travelers unilaterally revoked the agreement. Gobeyn's argument essentially is that an arbitration provision is incompatible with at-will employment and therefore can never be enforced against an at-will employee.  He cites no authority so holding.[1]  *Cf. McNamara*, 570 F.3d at 956-57; *Berkley*, 450 F.3d at 777 (enforcing arbitration agreements in the context of at-will employment).

Mutuality of obligation exists whenever "the terms of [an] agreement [] fix a real liability upon both parties." *Tyson Foods*, 356 Ark. at 146, 147 S.W.3d at 687.  "[A]n obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; that is, neither party is bound unless both are bound.' " *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 120, 27 S.W.3d 361, 366 (2000) (quoting *Townsend v. Standard Indus.,*

---

[1] The Eighth Circuit has held that an arbitration provision may change the at-will employment relationship to something else but not that an at-will employment relationship nullifies an agreement to arbitrate employment disputes.  *See PaineWebber, Inc. v. Agron*, 49 F.3d 347, 352 (8th Cir. 1995).

*Inc.*, 235 Ark. 951, 954-955, 363 S.W.2d 535, 537 (1962)). "Mutual promises that constitute consideration for each other are the classic method of satisfying the doctrine of mutuality." *Id.*

In the Principles of Employment, Gobeyn and Travelers mutually promise to arbitrate their disputes. Gobeyn cites language in the Principles of Employment that gives Travelers "the right to . . . change the terms or conditions of any employee's employment," and describes adherence to the arbitration procedures as a condition of employment. This language merely reiterates Gobeyn's status as an at-will employee. At-will employment and arbitration agreements are not mutually exclusive under Arkansas law.[2] *See, e.g.*, *McClendon v. Sherwin Williams, Inc.*, 70 F. Supp. 2d 940, 943 (E.D. Ark. 1999) (finding that an at-will employee was bound by the arbitration procedures set forth in an updated employee handbook because she agreed to the provision by staying on the job after receiving the handbook).

Finally, the arbitration agreement is not unconscionable merely because Travelers' arbitration procedures call for limited discovery and do not follow the Federal Rules of Evidence. The Arkansas Supreme Court has adopted the following test for unconscionability:

> In assessing whether a particular contract or provision is unconscionable, the courts should review the totality of the circumstances surrounding the negotiation and execution of the contract. Two important considerations are whether there is a gross inequality of bargaining power between the parties to the contract and whether the aggrieved party was made aware of and comprehended the provision in question.

---

[2] Contrary to the plaintiff's argument, *Gladden v. Arkansas Children's Hospital*, 292 Ark. 130, 728 S.W.2d 501 (1987), is not on point. In that case, the Arkansas Supreme Court determined that an employee handbook did not constitute an exception to the at-will employment doctrine because it contained no express language that an employee could be discharged only for cause. Whether or not the employee handbook at issue in *Gladden* was an employment contract has no bearing on this case, since the parties concede that Gobeyn was an at-will employee.

*State ex rel. Bryant v. R & A Inv. Co.*, 336 Ark. 289, 296, 985 S.W.2d 299, 302 (1999). The doctrine of unconscionability has both procedural and substantive elements. *Enderlin*, 2008 WL 830262, at *11. Procedural unconscionability deals with the manner in which a contract was entered into; substantive unconscionability, on the other hand, looks to the terms of the contract and whether they are harsh, one-sided, or oppressive. *Easter v. Compucredit Corp.*, No. 08CV01041, 2009 WL 499384, at *6 (W.D. Ark. 2009). A plaintiff must prove both procedural and substantive unconscionability for an agreement to be unenforceable. *Id.*; *Enderlin*, 2008 WL 830262, at *11.

Here, the plaintiff alleges that Travelers' arbitration agreement is substantively unconscionable because it restricts his rights, but not the defendant's rights, to the judicial system. Even if that were true, however, "the Court cannot find the Arbitration Provision unconscionable without evidence showing there was some degree of procedural unconscionability as well." *Easter*, 2009 WL 499384, at *6; *see also Fallo v. High-Tech Inst.*, 559 F.3d 874, 878-79 (8th Cir. 2009) (upholding an arbitration clause that was not procedurally unconscionable without reaching the issue of whether it was substantively unconscionable). Gobeyn does not argue that the arbitration clause is procedurally unconscionable. Therefore, the arbitration clause is enforceable whether or not it is substantively unconscionable.

## CONCLUSION

For the reasons explained above, the parties are ordered to submit this case to arbitration with the terms of the agreement, pursuant to 9 U.S.C. § 4, and this case is stayed pending resolution of the arbitration, pursuant to 9 U.S.C. § 3. *Lyster v. Ryan's Family Steak Houses, Inc.*, 239 F.3d 943, 948 (8th Cir. 2001).

Accordingly, IT IS ORDERED THAT the defendant's motion to dismiss, or alternatively, to stay proceedings, is hereby GRANTED. The parties are directed to submit this case to arbitration in accordance with the terms of the agreement. IT IS FURTHER ORDERED THAT this case is STAYED pending resolution of the arbitration.

The Clerk is directed to terminate this case administratively. Either party may reopen the case by filing a timely application to confirm, vacate, or modify the decision of the arbitrator.

IT IS SO ORDERED this 24th day of September, 2009.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE